**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FEB - 3 2006

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

CIVIL ACTION NO:

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

v

Mid-America Apartment Communities
**Attn: Kathy McPhail,**
    **Property Manager**
6584 Poplar Avenue, Suite 300
Memphis, TN 38138

CASE NUMBER  1:06CV00195

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/3/2006

*JURY ACTION*

Come Sam L. Clemmons, a former resident of 1533 Raymond Road, Unit # 79, Jackson, Mississippi 39204 file this civil complaint in the District Court for the District of Columbia against such defendant (Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, Tennessee 38138) whom is a business incorporated in the State of Tennessee but owns and operate several businesses in the State of Mississippi with additional business complexes or units throughout the southeast region of the United States.

The plaintiff file this civil suit action in the District Court for the District of Columbia against the defendant for violation of statue 18 U.S.C.A. § 1001.

1

1  Mid-America Apartments Communities is responsible for the

2  actions by Kathy McPhail who is the Property Manager, who is

3  believe to be alleged in violation of federal, state and local

4  laws in obstruction of justice in providing a federal agent from

5  the Department of Justice fraudulent information in an ordered

6  federal investigation concerning the plaintiff's character and

7  background concerning national security matters or issues of the

8  plaintiff. *See case law and related cases: Lucia, 36 F.3d at*

9  *174(quoting Serabian, 24 F.3d at 361; see also North Central*

10  *F.S., Inc., 951 F. Supp. at 1408 (quoting DeWit, 879 F.Supp. at*

11  *989-90, in turn quoting Lucia, 36 F.3d at 174). Jones*

12  *Distributing Co., Inc. V. White Consol. Indus., 943 F. Supp.*

13  *1445, 1470 (N.D. Iowa 1996)(citing Robinson v. Perpetual Servs.*

14  *Corp., 412 N.W.2d 562, 565 (Iowa 1987) in turn citing Hagarty v.*

15  *Dysart-Geneseo Community Sch. Dist., 282 N.W.2d 92, 95 (Iowa*

16  *1979), and Grefe v. Ross, 231 N.W.2d 863, 867 (Iowa 1975))* see

17  Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding

18  of Federal Regulation **111 ALR, Fed. 295 and statue 18 U.S.C.A §**

19  **1001(2)(34)**.

20

21  Before the plaintiff addresses the case and complaint to

22  the courts, the plaintiff would like to add an in-depth passage

23  to the defendant (Kathy McPhail) so that the defendants will

24  have a full but fair understanding of the plaintiff's actions

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

1  here today in filing this complaint before a judge or courts to

2  hear and rule on this submission to the courts.

3

4      The plaintiff expresses to the defendant(s) that ignorance

5  of the law are no excuses, it is one of the most familiar

6  phrases in any branch of jurisprudence. It is not entirely

7  without exception, although some exceptions are rare. What one

8  has intended to do results in their own passage and

9  interruptions of the law? In other words, what the plaintiff is

10  saying to the defendant that every person is presumed to know

11  the law; in order to understand either the rule itself, or the

12  exceptions thereto, it is necessary to know in this case matter

13  what is the words "presumed" and "presumption" and they are used

14  in three different senses in the law. One of the senses is to

15  signify a mere inference of fact. The second one is a true

16  presumption, which is a rule of law which calls for certain

17  results unless the party or defendant adversely affected comes

18  forward with evidence to overcome the complaint filed against

19  such defendant. This (although it is the true presumption) often

20  is referred to as a "*prima facie presumption*" to distinguish it

21  from the so called "conclusive presumption" which is a legal

22  device in the form of a what they call a postulate used for the

23  determination of a particular case whether it represents the

24  actual facts or not. Which bring about the rule of evidence when

25  Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

1   a typical example is the conclusive presumption of delivery by

2   all parties or defendants to a negotiable instrument which has

3   reached the hands of a holder such as the plaintiff in due

4   course, the net result of this "conclusive presumption" is that

5   such a plaintiff as myself in due course can enforced the

6   instrument such as a complaint such as I am doing as effectively

7   against the defendant who did not deliver proof to support his

8   or her slanderous, derogatory comments and crimes to

9   intentionally to cause harm and hurt upon the plaintiff.

10

11

12      If "everyone is presumed to know the law" in this sense, it

13   means that a particular case will be disposed of exactly as if

14   the defendant actually did know the law whether such is the fact

15   or not. And this is exactly the sense in which this word should

16   be used in evaluation of the facts in this case before the judge

17   and the courts today. It is known this is the sense in which it

18   is used in all cases in which "ignorance of the law is no

19   excuse." There are some rare and exceptional cases in which

20   ignorance of the law is recognized as an excuse in some criminal

21   cases the presumption is rebuttal able, but in this case before

22   the court we have a very knowledgeable defendant, who is of age

23   to know right from wrong. We have someone who is very capable of

24   thinking things through before committing a wrongful act or

25

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

1 committing a crime and someone who will take responsibility for
2 their actions.

3

4    So the plaintiff say to the defendant and the courts, if
5 these federal allegations that the plaintiff is about to address
6 to the courts in this complaint are true, the plaintiff would
7 like to inform the defendant that the plaintiff have children of
8 his own and the plaintiff must inform the defendant and the
9 courts…that this type of behavior that the plaintiff has
10 received from a federal investigation agency is learned or
11 taught by someone or retained through some particular source
12 somewhere. The plaintiff says to defendant that he would never
13 teach or inform his children to do what the defendants have done
14 to the plaintiff and advise his children to do it to others.
15 This type of behavior or conduct by the defendant(s) has no
16 justification. The plaintiff informs the defendant to be
17 accountable and responsible for your actions and reply back to
18 the courts with the truth.
19

20

21    The plaintiff will also like to say to the defendant think
22 of the plaintiff as if the plaintiff was you, what if someone or
23 an agency would have done this to you? How would you feel? How
24 would you react? Would you think… what the plaintiff have done
25 here today is not justified? The plaintiff says we all have a

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,
Suite 300, Memphis, TN 38138

heart that beat like a clock. We all share and breathe the same

oxygen. We all have blood running through our vain; we all

expect to be treated fairly, but equal while we are here on

earth. So the plaintiff asks the defendant(s), why have you

treated him so differently? What have the plaintiff done to you

or your business prior to this complaint?


They say, "The truth shall always set you free"; "Giving

false testimonies will always come back to capture you". No

matter how hard it is for someone to tell the truth. You must

tell it if you ever want to be free. To the defendant, the

plaintiff says again... you're caught up in this because of your

false testimonies given to a federal agent. Your false

testimonies have come back to capture you.


Word of advice as they all say if you can't say anything

good about a person, its best not to say anything at all. If you

choose to say something bad about a person make sure you have

the evidence to support your statements, because if you don't

have the evidence to support your statements and the other

person does...it's a crime to say things about someone that are

not true, especially under a federal investigation such as this

one see statue 18 U.S.C.A. § 1001 and your Mid-America Apartment

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,
Suite 300, Memphis, TN 38138

1  Communities, Inc.'s Code of Business Conduct and Ethics, Section
2  E.(Good Faith Reporting of Wrongdoing).

3

4      The plaintiff addresses the courts that if the defendant is
5  no longer employed at the defendant's business, then the
6  business should take full responsibility for the defendant's
7  actions and the business owner should make every means and
8  efforts to contact the defendant (Kathy McPhail) and bring Kathy
9  McPhail to justice to prevent ongoing actions as these in our
10 communities.
11

12

13     With that said, the plaintiff files this complaint stating
14 that it is believe, but not confirmed that Kathy McPhail
15 intentionally committed a felony crime in providing false
16 information to a federal agent upon an agent revealing his
17 identity and clearly advising and informing the defendant of the
18 purpose of the federal agent's interview while a national
19 security investigation was being conducted on the plaintiff
20 under the United States Title Code, Title 5, USC, Section 552a,
21 Exemption (j)(2) of the Privacy Act and Title 5, USC Section
22 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S.
23 Executive Order 10450, 10865, 12333, and 12356; section 3301 and
24 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42,
25 U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4)

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,
Suite 300, Memphis, TN 38138

1   (3)(d) and part 5, 732  736 of Title 5. *See case law and related*

2   *case of:* _Serabian v. Amoskeag Bank Shares, Inc._, 24 F. 3d 357,

3   361 (1st Cir. 1994)); also see _North Central F.S., Inc._, 951 F.

4   _Supp. at 1408_ (quoting _DeWit, 879 F. Supp. at 989-90_, in turn

5   quoting _Lucia, 36 F.3d at 174_).

6

7       It is believe, but not confirmed that the defendant (Kathy

8   McPhail) intentionally committed these acts of malicious slander

9   and deformation of character and other crimes with a criminal

10  motive and intent to destroy the plaintiff's character,

11  background and career. (*See statue and related cases according*

12  *to:* U.C.A. 1953, 76-6-405, 76-6-1102 and _State v. Ross_, 951 P.2d

13  236, 241 (Utah Ct. App. 1997).

14

15

16      If such is confirmed through this court, let the facts be

17  known and confirmed that the defendant wrongfully, willfully,

18  deliberately, maliciously, and intentionally gave fraudulent

19  information to a federal investigator with an attempt for

20  unknown reasons to seek and destroy the plaintiff's character,

21  background and career.

22

23

24

25

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,
Suite 300, Memphis, TN 38138

Upon a court examination of the facts that will be provided to the courts, the defendant (Kathy McPhail) should have no reasons for recoil or defend against such court's summary judgment.

If false information is discovered or to exist in the federal investigation report and the plaintiff proves it's not true, the courts should consider the information provided to the federal investigator a crime under the federal, state and local jurisdiction and is punishable upon releasing of the facts by the federal government and the plaintiff after the court review the defendant's evidence. Therefore, these testimonies made by the defendant should be label as FRAUD.

The plaintiff is asking the court to review all the facts that the defendant must provide to the courts concerning producing the eviction notice that the plaintiff was evicted from the leasing resident at 1533 Raymond Road, Unit # 79, located in Jackson, Mississippi as told and reported by a federal investigator in the month of June of the year of 2000. It is confirmed that the plaintiff co-signed a six month lease starting in July 1999 to December 31, 1999 (six months only), giving the defendant an advance sixty days notice not to renew this lease.   The plaintiff asks the courts where is the eviction

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

documents?  Provide to the court with a copy of the lease

agreement and application. If such eviction or lease agreement

cannot be proven to the courts then this is violation # 1 under

section 18 U.S.C.A. § 1001 (Fraud).


    The plaintiff is asking the court to request from the

defendant and show if the plaintiff was not the renter of record

and his mother, Mary Rounds signed the lease then who was the

apartment unit qualified under to cause the plaintiff not to be

qualified to pick up the keys as stated by the defendant in the

investigation report. If the plaintiff is not the renter of

record then how and where the plaintiff is is evicted as told by

the defendant. According to the investigator report it shows the

defendant is incompetent in performing her duties as a property

manager. If the defendant testimony is believable then this is

violation # 2 under section 18 U.S.C.A. § 1001 (Fraud).


    The plaintiff is asking the court to request from the

defendant to provide the courts with photos and documentation

for repair cost after the plaintiff departed such resident in

the month of December in the year of 1999. The federal

investigator stated in a government document that the plaintiff

left such unit in terrible condition and that such unit cost a

great deal to repair, but nothing was reported to the plaintiff

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

or placed on the plaintiff's credit file showing any debts owe

to the defendant's business. If the defendant cannot provide the

courts with the facts this existed then this is violation #3

under 18 U.S.C.A. § 1001 (Fraud).


     If such was reported to a collection agency and the credit

reporting agencies, the plaintiff is asking the court to order

the defendant to please provide the courts with all

documentation of proof to support such investigator's report

that such is correct as stated by the defendant in the

investigation report. If such cannot be provided this is

violation # 4 under 18 U.S.C.A. § 1001 (Fraud).


     The plaintiff is asking for the defendant to reveal to the

court a copy of a note as stated by the investigator that was

placed in the plaintiff's file advising not to rent to the

plaintiff ever again. If such cannot be provided this is

violation # 5 under 18 U.S.C.A. § 1001 (FRAUD).


     The plaintiff is also asking the defendant to provide the

court with any witness' statements or additional person who can

confirm the defendant's statement concerning any hostility or

confrontation meeting between the plaintiff and the defendant

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

(Kathy McPhail) prior to the plaintiff move in to occupy such unit as stated in the investigation report.

The plaintiff states to the courts that the above paragraph is very strange in the investigators' report that if such did happen and it happens the way the defendant explained and describe it. Anyone would question why would the plaintiff still enter into a contract agreement and give the defendant his earning on a month to month basic after such an incident? Let it be known that this is not the only apartment complexes in this area where the plaintiff could have sought residency.

If the defendant's cannot provide the court with proof through statements from the plaintiff's resident records or files that such did occur on such date then this statement in this investigator report should be violation # 6 under 18 U.S.C.A. § 1001 (Fraud).

The plaintiff states to the court if the defendant cannot provide the courts with any of the above requests even when such records should still be within the seven year window prior to mandatory deletion. Regardless, the defendant still should have the unit's maintenance damage reports and repair cost records to validate the investigator's statements and documentation in this

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

federal investigation record. If nothing can be provided to the courts then a judgment in favor of the plaintiff should apply.

The plaintiff is filing this relief in the District Court for the District of Columbia to review the facts requested in this complaint and examine the facts with the investigator's report and determine who should be held liable for giving fraudulent information under a federal investigation. The law states in any matter within the jurisdiction of a department or agency of the United States, so that the courts can determined if the defendants misused their positions within the Federal Government as proscribed by § 1001.

The plaintiff stresses to the court that he is the one who is suffering over these fraudulent actions and violation of the law not the defendants.

Even though the burden of proof does not rest with the plaintiff, the plaintiff is willing to provide the courts with the recent facts discovered that such statements as stated in this federal agent's investigation report is **not** true and these facts alone should show the courts that fraud does exist in this section of the investigation. The plaintiff will provide the facts upon a motion to enter discovery.

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

Due to the damages that has occurred by the defendants (The

business, the employee (Kathy McPhail)and the federal agent),

the plaintiff is seeking full recovery against such damages and

request the District Court for the District of Columbia to place

a summary judgment against the defendant in the amount of

**$15,000,000.00** (fifteen million dollars) for punitive damages

done and recovery in relation to mental and emotional distress

and damages done to plaintiff's family and career due to these

negligence acts by the defendants.  If such alleged intentional

allegations are confirmed to be truthful in District Court.


In results of the defendant being a business that operates

out of another state and such other states does not have

jurisdiction over this federal matter of the law under 18

U.S.C.A. § 1001.  In additional, the plaintiff is requesting the

court to force an order on the defendant (Kathy McPhail) to

attend ethics classes and professional counseling to prevent

further pathology actions as the defendant has proven abilities

of committing these acts which may have formed from pervious

problems while being employed under this business or another

establishment.

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

1    The plaintiff is in need of a permanent gag order from the

2    courts to prevent the defendant (Kathy McPhail) from disruption

3    the good name of the plaintiff ever again while doing business

4    in the State of Mississippi and aboard and to permanently

5    prevent the defendant from intervening in any business matters

6    of the plaintiff ever again.

7

8

9    If such alleged allegations are confirmed to be fraud by

10   the courts and that the defendant made such false testimonies in

11   this federal investigation report. There should not be any need

12   for a jury trail.

13

14   Neither the defendant nor Kathy McPhail is an employee of

15   the federal government therefore, such violation of the United

16   States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a

17   violation of the prohibited personnel practice policy by federal

18   government employees does not apply, but these actions in the

19   State of Mississippi should apply and the District Court of

20   Columbia have jurisdiction to place a summary judgment and enter

21   an order against the defendant and the defendant's employees if

22   these investigator's allegations are confirmed truthful.

23

24

25


Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

It is true and known that plaintiff discovered these false allegations in a United States Government "federal" investigation document dated June of the year of 2000 that was finally and officially released to the plaintiff for review on August 5, 2005. Which shows this action is filed within the proper time for damage recovery according to the Freedom of Information Act § 5 U.S.C.A. § 552 and statue of limitations.

The plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

In defense by the plaintiff, upon a motion to enter discovery, the plaintiff will provide the court with facts against the alleged defendant's statements to show there is an intentional act committed by the defendant or the federal agent, even when the burden of proof does not exit within the boundaries of the plaintiff. Facts will be presented to the court at the time the complaint has been certified express mail delivered to the defendant with a tracking #**EQ 242463384 US.** When the defendant has received the complaint, summon and defendant's testimonies statements, the District Court for the District of Columbia will receive the defendant's testimony along with the affidavit of service. The District Court's Express mail tracking number will be **EQ 242464022 US**.

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

1    In closing, since the burden of proof will fall on the

2  defendant (Kathy McPhail) to prove to the courts that such

3  investigator comments are truthful or not truthful, the

4  plaintiff asks the defendant to provide the court with all the

5  fact documentation to support defendant's statements made to the

6  federal agent in the defendant's federal investigation

7  testimonies.

8

9

10    If such proof can be provided by the defendant upon a

11  court's order to enter discovery the plaintiff will drop this

12  complaint out right and request this matter to be dismissed.

13

14    If the defendants wishes that this civil action cannot be

15  settled out of court, the plaintiff is asking for a civil trial

16  before his peers (jury trail) revealing all the issues along

17  with the **FACTS** set forth in this case for a jury to rule base on

18  the issues and facts provided in this compliant as of this date

19  the compliant is filed and logged into United States District

20  Court's system.

21

22

23    All attempts to resolve this complaint have been exhausted,

24  the burden of the proof lies on the defendant to prove their

25  *testimonies* to be truthful on the record. When considering a

motion for summary judgment, it is known that the court must

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

examine all evidence in the light most favorable to the

plaintiff (nonmoving party). I would advised the defendant to

consider case laws *Langley v. Adams County*, Colorado, 987 F.2d

1473, 1476 (10th Cir.1933). When a moving party (the defendant)

bears the burden of proof at trail is entitled to summary

judgment only when the evidence indicates that no genuine issue

of material fact exists. **Fed.Rules Civ.Proc. Rule 217k2406(2)**

**and the Mid-America Apartment Communities, Inc.'s Code of**

**Business Conduct and Ethics, Section E (Good Faith Reporting of**

**Wrongdoing).** *See case law: Anthony v. United States*, 987 F.2d

670,672 (10th Cir.1993). If the moving party (the defendant) does

not bear the burden of proof at trail, it must show "that there

is an absence of evidence to support the nonmoving party's (the

plaintiff) case" In this case the nonmoving party (the

plaintiff) has expressed evidence to support the plaintiff's

claim; therefore, case law to consider: *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265

(1986) holds no merit in this case matter. The Defendant

Commercial Business Policy Insurance Company under Crime

Insurance Policy, provided by the defendant (hereinafter the

"Employers' Liability and Fiduciary Duty of the employer or

employee", and therefore the defendant has sustained no loss in

this action, nor did the plaintiff cause any hurt or harm to the

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

defendant, the defendant caused this action or judgment upon

itself (The Employer).


        *They say in the end …Good will always triumph over Bad….*


End of Complaint:

                                    Sam L. Clemmons
                                    C/o Mrs. Mary L. Lee, Paralegal
                                    548 Saint Charles PL
                                    Brookhaven, MS 39601

**CC:** www.usps.com for tracking purposes

Mid-America Apartment Communities;
        **Express Mail #: EQ 242464022 US**
United State District Court of the District of Columbia;
        **Express Mail #: EQ 242463384 US**
Records


Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

Suite 300, Memphis, TN 38138

**American Law Reports ALR Federal**
**The ALR databases are made current by the weekly addition of relevant new cases.**

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

Article Outline
Index
Statutory Text
Table of Cases, Laws, and Rules
Research References

ARTICLE OUTLINE

§  1[a] Introduction--Scope

§  1[b] Introduction--Related annotations

§  2. Background and summary

§  3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--Held to violate 18 U.S.C.A. § 1001

§  3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--Held not to violate 18 U.S.C.A. § 1001

§  4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§  4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§  5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§  5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§  6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§  6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§  7[a] Bail--Held to violate 18 U.S.C.A. § 1001

06 0195

FILED

FEB - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

§ 7[b] Bail--Held not to violate 18 U.S.C.A. § 1001

§ 8. Sentencing

§ 9[a] Statements relating to civil proceedings--Held to violate 18 U.S.C.A. § 1001

§ 9[b] Statements relating to civil proceedings--Held not to violate 18 U.S.C.A. § 1001

§ 10[a] Statements relating to federal income tax--Held to violate 18 U.S.C.A. § 1001

§ 10[b] Statements relating to federal income tax--Held not to violate 18 U.S.C.A. § 1001

§ 11[a] Statements relating to government contracts--Held to violate 18 U.S.C.A. § 1001

§ 11[b] Statements relating to government contracts--Held not to violate 18 U.S.C.A. § 1001

§ 12. Statements relating to individual's employment with or licensing by Federal Government or employment with employer receiving federal funds-- qualifications

§ 13[a] Prior criminal record or criminal activity--Held to violate 18 U.S.C.A. § 1001

§ 13[b] Prior criminal record or criminal activity--Held not to violate 18 U.S.C.A. § 1001

§ 14. Conflict between employee's and government's interests

§ 15. Employee's misuse of position

§ 16. Compensation or benefits

§ 17[a] Statements relating to federal grant or loan, generally--Held to violate 18 U.S.C.A. § 1001

§ 17[b] Statements relating to federal grant or loan, generally--Held not to violate 18 U.S.C.A. § 1001

§ 18[a] Statements relating to payment under federal entitlement or subsidy program--Held to violate 18 U.S.C.A. § 1001

§ 18[b] Statements relating to payment under federal entitlement or subsidy program--Held not to violate 18 U.S.C.A. § 1001

§ 19[a] Statements relating to federally insured loans--Held to violate 18 U.S.C.A. § 1001

§ 19[b] Statements relating to federally insured loans--Held not to violate 18 U.S.C.A. § 1001

§ 20[a] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held to violate 18 U.S.C.A. § 1001

§ 20[b] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held not to violate 18 U.S.C.A. § 1001

§ 21. Other activities

§ 22[a] Statements relating to stock or brokerage agreements--Held to violate 18 U.S.C.A. § 1001

§ 22[b] Statements relating to stock or brokerage agreements--Held not to violate 18 U.S.C.A. § 1001

§ 23. Statements relating to patents

§  23.5. Statements relating to copyright

§   24[a]. Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§   24[b]. Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§  25[a]. Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. § 1001

§   25[b]. Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. § 1001

§  26. Statements relating to purchase of surplus government property

§  27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§  28. Statements relating to interstate shipment of goods

§   29[a]. Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. § 1001

§   29[b]. Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. § 1001

§   30[a]. Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. § 1001

§   30[b]. Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. § 1001

§  31[a]. Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. § 1001

§   31[b]. Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. § 1001

§  32[a]. Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. § 1001

§  32[b]. Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. § 1001

§  33. Statements relating to compliance with environmental protection regulations

§  34. Other statements

§  35. Constitutionality