AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

SAM CLEMMONS

V.

Mid-America Apartment Communities

**SUMMONS IN A CIVIL CASE**

CASE NUMBER 1:06CV00195

CA: JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/3/2006

TO: (Name and address of Defendant)

Mid-America Apartment Communities
SERVE: **Attn: Corporate Attorney & HR Director**
6584 Poplar Avenue, Suite 300
Memphis, TN 38138

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF PRO SE (name and address)

SAM CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

an answer to the complaint which is served on you with this summons, within 60 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON
CLERK

FEB -3 2006
DATE

(By) DEPUTY CLERK

RECEIVED
MAR 16 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE MARCH 3, 2006 |
|---|---|
| NAME OF SERVER *(PRINT)* SAM L. CLEMMONS | TITLE PLAINTIFF PRO SE |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: MID-AMERICA APARTMENT COMMUNITIES, ATTN: CORPORATE ATTORNEY 6584 POPLAR AVE, SUITE 300 MEMPHIS, TN 38138

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | U.S. POSTAL SERVICE | 16.25 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on MARCH 3 2006
Date

Sam L. Clemmons
*Signature of Server*

548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
*Address of Server*

RECEIVED

MAR 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

SANDY SPRINGS FINANCE UNIT
ATLANTA, Georgia
303289997
1204440024-0098
03/02/2006 (800)275-8777 02:56:36 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| NORCROSS GA 30091 | | | $14.40 |
| Express Mail PO-ADD | | | |
| 7.20 oz. | | | |
| Label #: EQ242463999US | | | |
| Next Day 3PM / Normal Delivery | | | |
| Return Rcpt (Green Card) | | | $1.85 |
| | Issue PVI: | | $16.25 |
| JACKSONVILLE FL 32207 | | | $14.40 |
| Express Mail PO-ADD | | | |
| 6.90 oz. | | | |
| Label #: EQ242464019US | | | |
| Next Day Noon / Normal Delivery | | | |
| Return Rcpt (Green Card) | | | $1.85 |
| | Issue PVI: | | $16.25 |
| GERMANTOWN TN 38138 | | | $14.40 |
| Express Mail PO-ADD | | | |
| 6.80 oz. | | | |
| Label #: EQ242463384US | | | |
| Next Day Noon / Normal Delivery | | | |
| Return Rcpt (Green Card) | | | $1.85 |
| | Issue PVI: | | $16.25 |
| Total: | | | $48.75 |

Paid by:
AMEX $48.75
Account # XXXXXXXXXXXX2006
Approval #: 502089
Transaction #: 12
23 902850395 4104710777

Bill#: 1000201419024
Clerk: 01

— All sales final on stamps and postage. —
Refunds for guaranteed services only.
Thank you for your business.
Customer Copy

20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

CIVIL ACTION NO:

CASE NUMBER: 1:06CV00195
JUDGE: ROYCE C. LAMBERTH
DECK TYPE: FOIA / PRIVACY ACT
DATE STAMP: 02/03/2006

V

Mid-America Apartment Communities
**Attn: Kathy McPhail, Property Manager**
6584 Poplar Avenue, Suite 300
Memphis, TN 38138

## AFFIDAVIT OF SERVICE

**I,** SAM CLEMMONS**, hereby declare that on the** 2ND **of** MARCH **20**06**, I mailed a copy of the summons and complaint, certified mail return receipt requested, to** MID-AMERICA APARTMENT COMMUNITIES' CORPORATE ATTORNEY **(the defendant & defendant's attorney). Attached hereto is the green card acknowledging service.**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
MID-AMERICA APARTMENT COMMUNITIES
ATTN: CORPORATE ATTORNEY
6584 POPLAR AVENUE, SUITE 300
MEMPHIS, TN 38138

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X K Brown ☑ Agent ☐ Addressee

B. Received by (Printed Name) Kim Brown

C. Date of Delivery 3-3-06

D. Is delivery address different from item 1? ☐ Yes ☑ No
If YES, enter delivery address below:

3. Service Type
☐ Certified Mail ☑ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) EQ242463384US 1/05

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

866-409-7758

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

The plaintiff is in need of a permanent gag order from the courts to prevent the defendant (Kathy McPhail) from disruption the good name of the plaintiff ever again while doing business in the State of Mississippi and aboard and to permanently prevent the defendant from intervening in any business matters of the plaintiff ever again.

If such alleged allegations are confirmed to be fraud by the courts and that the defendant made such false testimonies in this federal investigation report. There should not be any need for a jury trial.

Neither the defendant nor Kathy McPhail is an employee of the federal government therefore, such violation of the United States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a violation of the prohibited personnel practice policy by federal government employees does not apply, but these actions in the State of Mississippi should apply and the District Court of Columbia have jurisdiction to place a summary judgment and enter an order against the defendant and the defendant's employees if these investigator's allegations are confirmed truthful.

documents? Provide to the court with a copy of the lease agreement and application. If such eviction or lease agreement cannot be proven to the courts then this is violation # 1 under section 18 U.S.C.A. § 1001 (Fraud).

The plaintiff is asking the court to request from the defendant and show if the plaintiff was not the renter of record and his mother, Mary Rounds signed the lease then who was the apartment unit qualified under to cause the plaintiff not to be qualified to pick up the keys as stated by the defendant in the investigation report. If the plaintiff is not the renter of record then how and where the plaintiff is evicted as told by the defendant. According to the investigator report it shows the defendant is incompetent in performing her duties as a property manager. If the defendant testimony is believable then this is violation # 2 under section 18 U.S.C.A. § 1001 (Fraud).

The plaintiff is asking the court to request from the defendant to provide the courts with photos and documentation for repair cost after the plaintiff departed such resident in the month of December in the year of 1999. The federal investigator stated in a government document that the plaintiff left such unit in terrible condition and that such unit cost a great deal to repair, but nothing was reported to the plaintiff

In closing, since the burden of proof will fall on the defendant (Kathy McPhail) to prove to the courts that such investigator comments are truthful or not truthful, the plaintiff asks the defendant to provide the court with all the fact documentation to support defendant's statements made to the federal agent in the defendant's federal investigation testimonies.

If such proof can be provided by the defendant upon a court's order to enter discovery the plaintiff will drop this complaint out right and request this matter to be dismissed.

If the defendants wishes that this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trial) revealing all the issues along with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system.

All attempts to resolve this complaint have been exhausted, the burden of the proof lies on the defendant to prove their *testimonies* to be truthful on the record. When considering a motion for summary judgment, it is known that the court must

examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Mid-America Apartment Communities, Inc.'s Code of Business Conduct and Ethics, Section E (Good Faith Reporting of Wrongdoing).** *See case law*: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the defendant (hereinafter the "Employers' Liability and Fiduciary Duty of the employer or employee", and therefore the defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the

TESTIMONIES

ITEM: 002 SOURCE: 001

**NAME** WOODRIDGE APARTMENTS, 1533 RAYMOND ROAD, JACKSON, MS 39204
**RENTAL RECORD**
**PROVIDER** KATHY MCPHAIL, RESIDENT MANAGER

FRAUD

**ISSUE(S)** 03B

**NAME** VERIFIED **SSN** VERIFIED **DOB** VERIFIED **POB** NOT SHOWN

**RENT DATES** 07/99-12/99 (6 MON LEASE) **RENT PAYMENT** SEE ISSUES
**RENTERS** SAMUEL CLEMMONS AND HIS MOTHER MARY ROUNDS
**UNIT** WOODRIDGE APARTMENTS, 1533 RAYMOND ROAD, # 79, JACKSON, MS 39204

**PREVIOUS ADDRESS** NOT SHOWN

**FORWARDING ADDRESS** NOT SHOWN

**OCCUPANT(S)** SAME AS RENTERS

FRAUD STATEMENT

SAMUEL L. CLEMMONS AND MARY ROUNDS WERE EVICTED FROM THEIR APARTMENT DUE TO THEIR SLOW-PAYMENT OF THE RENT. ALTHOUGH NO FORMAL EVICTION PAPERS WERE SERVED, THE RESIDENT MANAGER DEMANDED THAT THEY VACATE THE PREMISES. THEY LEFT ON DECEMBER 31, 1999 OWING $703.00. THEY HAVE REPAID $400.00, LEAVING A BALANCE OF $303.00. THE APARTMENT WAS NOT LEFT IN GOOD CONDITION AND THEREFORE THEIR SECURITY DEPOSIT WAS NOT RETURNED. A NOTE WAS PLACED IN THE RENTAL FILE ADVISING NOT TO RENT TO THEM AGAIN.

ITEM: 002 SOURCE: 002

**NAME** KATHY MCPHAIL, RESIDENT MANAGER, 1533 RAYMOND ROAD, JACKSON, MS 39204

**ISSUE(S)** 03B
**PRIMARY ASSOCIATION** LANDLORD
**AVERAGE EXTENT OF CONTACT** REGULAR
**SPAN OF CONTACT** 07-16-99 TO 12-31-99

**DOES NOT KNOW WELL ENOUGH TO RECOMMEND**

MCPHAIL MET SAMUEL L. CLEMMONS ON JULY 16, 1999 WHEN HE AND HIS MOTHER MOVED INTO THE WOODRIDGE APARTMENTS UNIT #79. SHE SPECIFICALLY RECALLS THE MEETING BECAUSE CLEMMONS CAME TO HER OFFICE TO PICK UP THE KEYS TO THE APARTMENT. SHE INFORMED HIM THAT SHE COULD NOT RELEASE THE KEYS TO HIM BECAUSE HE WAS NOT THE RENTOR OF RECORD. HIS MOTHER, MARY ROUNDS, SIGNED THE LEASE. HE INFORMED HER THAT HE WAS THE RESPONSIBLE PARTY AND AGAIN DEMANDED THE KEYS. SHE REFUSED AND HE BECAME ANGRY, AND

SPOKE TO HER IN A LOUD AND RUDE MANNER. SHE INITIALLY CONSIDERED HAVING HER MALE EMPLOYEES ESCORT HIM FROM THE PREMISES, BUT HE LEFT VOLUNTARILY.

SHE HAD SUBSEQUENT UNPLEASANT ENCOUNTERS WITH HIM, USUALLY IN DISCUSSIONS OVER LATE RENT PAYMENTS. SHE DEMANDED THAT THEY VACATE THE APARTMENT AND ON DECEMBER 31, 1999 THEY MOVED. THE APARTMENT WAS LEFT IN DISREPAIR AND THEIR $100.00 SECURITY DEPOSIT WAS NOT RETURNED. THEY WOULD NOT BE ELIGIBLE TO AGAIN RENT FROM THE WOODRIDGE APARTMENT COMPLEX.

**EXTRA COVERAGE** UNABLE TO COMMENT - ALL

**ITEM: 002** **SOURCE: 003**

**NAME** RICK WHITLOW, REPORTER, 1533 RAYMOND ROAD, #78, JACKSON, MS 39204

**ACCEPTABLE**
**PRIMARY ASSOCIATION** NEIGHBOR
**AVERAGE EXTENT OF CONTACT** REGULAR
**SPAN OF CONTACT** 07-99 TO 12-99

**DOES NOT KNOW WELL ENOUGH TO RECOMMEND**

WHITLOW MET SAMUEL L. CLEMMONS WHEN HE MOVED INTO WOODRIDGE APARTMENT #79 LOCATED BELOW AND ADJACENT TO HIS OWN. THEY HAD CONTACT IN PASSING 3-4 TIMES A WEEK WHEN THEY WERE COMING AND GOING FROM THEIR HOMES. THEY WOULD SHARE CASUAL GREETINGS BUT HAD NO OTHER SOCIAL INTERACTION.

THE SOURCE IS AWARE THAT THE SUBJECT LIVED WITH HIS MOTHER, MARY. HE SPECIFICALLY RECALLS THAT SHE APPEARED TO BE DIMINISHED MENTALLY BUT IN A NON-THREATENING WAY. HE COULD OFFER NO FURTHER INFORMATION CONCERNING THE CIRCUMSTANCES OF SUBJECT'S DEPARTURE FROM THE COMPLEX.

**EXTRA COVERAGE** UNABLE TO COMMENT - ALL

**ITEM: 003** **SOURCE: 004**

**NAME** HARVEY FREELON, ATTORNEY, 440 N. MIIL STREET, JACKSON, MS 39202

**ACCEPTABLE**
**PRIMARY ASSOCIATION** LANDLORD
**AVERAGE EXTENT OF CONTACT** REGULAR
**SPAN OF CONTACT** 02-1999 TO 07-1999

**NO REASON NOT TO RECOMMEND**

FREELON MET SAMUEL L. CLEMMONS IN FEBRUARY 1999 WHEN HE LEASED OFFICE SPACE TO HIM AT 438 N. MILL ST., JACKSON, MS. THE SPACE IS LOCATED IN A LIGHT INDUSTRIAL AREA NEAR DOWNTOWN JACKSON AND DIRECTLY NEXT DOOR