UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 06CV00195 |
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Mid-America Apartment Communities, Inc. (and, to the extent asserted in the Complaint, Kathy McPhail), by and through its undersigned counsel, John A. Rego and Anderson & Quinn, LLC, hereby moves, pursuant to Fed. R. Civ. Rule 12(b)(2) and Rule (b)(3), to dismiss the above-captioned action and respectfully refers this Honorable Court to the attached Memorandum of Points and Authorities in support of the instant Motion to Dismiss.

Respectfully submitted,

ANDERSON & QUINN, LLC

  /s/ John A. Rego
John A. Rego, Bar #422378
The Adams Law Center
25 Wood Lane
Rockville, Maryland 20850
(301) 762-3303
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 06CV00195 |
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) |
|     Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Although considerably difficult to decipher, this is an action filed by Plaintiff[1] under, chiefly, 18 U.S.C.A. § 1001[2], and centering on, in sum, allegations that Kathy McPhail, an employee of Defendant, Mid-America Apartment Communities, Inc. (hereinafter "Defendant") provided "a federal agent from the Department of Justice fraudulent information in an ordered federal investigation concerning the plaintiff's character and background concerning national security matters." Complaint at 2. Plaintiff, though not setting forth specific counts in his action, further advances and alleges that Defendant's employee "committed [] acts of malicious slander and defamation of character,[3]" that the "testimonies made by the defendant should be labeled as

---

[1] According to the Court's on-line "CIVIL DOCKET FOR CASE #:1:06-cv-00195-RCL," Plaintiff filed his action on February 3, 2006. On that same date, a Summons was issued to Defendant, Mid-America Apartment Communities, and, by Plaintiff's own hand-written entry on that Summons, Defendant was supplied with sixty (60) days (a period of time different from what the applicable Court Rule would direct), from the date that service was effected, to answer or otherwise respond to the Complaint. Accordingly, since the Court's Civil Docket reflects that service of process was effected on Defendant on March 3, 2006, Defendant, in conformance with Plaintiff's Summons, has been afforded until May 2, 2006, to file the instant Motion or an Answer in this matter.

[2] Plaintiff, throughout his Complaint, also cites various other, seemingly unrelated Acts and sections of the Federal Code to support the several disjointed claims he advances against Defendant and its employee.

[3] While lodging these assertions of slander and defamation of character, Plaintiff, at the same time, curiously concedes that "[i]t is believe[d], but not confirmed that the defendant (Kathy McPhail) intentionally committed these acts." Complaint at 8.

2

FRAUD," Id. at 8-9, and that "mental and emotional distress and damages done to plaintiff's family and career [are] due to these negligence acts by the defendants." Id. at 14. For these purported wrongful acts and improprieties, Plaintiff seeks a monetary award and, it appears, some mode of declaratory relief from the Court in the form of "an order against the defendant and the defendant's employees if these. . .allegations are confirmed truthful." Id. at 15.

I. **STATEMENT OF FACTS**

Plaintiff's claims, although they are not at all concise, clear or supported by concrete and discernable fact, appear to arise out of an alleged June of 2000, meeting or "interview" (as described by Plaintiff) between Kathy McPhail, an employee of Defendant, and a "federal agent from the Department of Justice," for the purpose of, according to Plaintiff, an "investigation concerning plaintiff's character and background concerning national security matters..." Complaint at 2. Underneath those claims, though, Plaintiff also seems to contend that, in December of 1999, he was wrongfully, improperly or unnecessarily evicted from an apartment unit that he and his mother leased from Defendant in Jackson, Mississippi[4] and, thereafter, that Defendant caused "disruption [to] the good name of the plaintiff" and was somehow "intervening in [] business matters of the plaintiff." Id. at 15. (Ms. McPhail is, it seems, the focus of both Plaintiff's slander and defamation of character claims, as well as his apparent wrongful eviction contention.)

Following the alleged eviction of Plaintiff and his mother from their apartment unit in December of 1999, Ms. McPhail, according to Plaintiff, was somehow contacted by an unidentified federal agent and, during an alleged discussion or meeting between the two, Ms. McPhail "willfully, deliberately, maliciously, and intentionally gave fraudulent information to

---

[4] According to Plaintiff, he and his mother, Mary Rounds, co-signed a lease for the rental of apartment unit 79, at the Woodridge Apartment complex in Jackson, Mississippi in July of 1999. Kathy McPhail was, Plaintiff claims, the Property Manager for the complex for the period during which Plaintiff leased his unit and when the alleged meeting occurred between Ms. McPhail and the unidentified federal agent.

3

[the] federal investigator with an attempt for unknown reasons to seek and destroy the plaintiff's character, background and career." Id. at 8.  Plaintiff maintains that he became aware of Ms. McPhail's asserted "false allegations in a United States Government 'federal' investigation document[5] dated June of the year 2000 that was finally and officially released to the plaintiff for review on August 5, 2005." Id. at 16.

## II. **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.** 12(b)(2).

### a. Standard of Review for Motion to Dismiss Pursuant to Rule 12(b)(2).

This Court has recently reiterated and underscored the standards and guidelines governing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2):

> On a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule" 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over a defendant to the forum.

Lindsey v. Rice, et al., 2005 WL 3275918 * 1 (D.D.C. 2005)(slip copy), *citing* Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).  In addition, the Court has maintained that "the general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts," First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988), and that a plaintiff "cannot rely on conclusory allegations" to demonstrate personal jurisdiction over a defendant. Atlantigas Corp. v. Nisource, Inc., 290 F.Supp.2d 34, 42 (D.D.C. 2003).  The Court, finally, in deciding a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "need not treat plaintiff's allegations as true." Id.  Rather, to assess the substance

---

[5] Curiously, Plaintiff failed to attach the "federal investigation document" to the Complaint that was filed with the Court on February 3, 2006.  However, a copy of the Complaint that was forwarded to the undersigned counsel from his client included an attached two-paged document titled "Testimonies," which sets forth "Dates of Investigation 06/26/00 - 7/10/00."  In addition, on the bottom of the first page of the subject document, the caption "Report of Investigation, Property of U.S. Office of Personnel Management," is listed.  Also, the Complaint that was forwarded by Defendant to the undersigned, unlike the Court-filed Complaint, includes an addition to Page 19, advising "Attachment: Certified true copy of U.S. Federal Investigation Report."  Plaintiff provides no explanation for the differences between the two Complaints and the dissimilar attachments to each.

and veracity of a plaintiff's allegations, the Court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." United States v. Philip Morris Inc., 116 F.Supp.2d 116, 120 n.4 (D.D.C. 2000).

**b.  Argument for Motion to Dismiss Pursuant to Rule 12(b)(2).**

Under the circumstances here, and the allegations advanced by Plaintiff, several statutory provisions become relevant to the discussion and determination of whether the Court may rightly exercise personal jurisdiction over Defendant in this action.  The first, and perhaps most fundamental provision and basis, D.C. Code § 13-422, permits the Court to "exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia."  D.C. Code Ann. § 13-422 (2005). Plaintiff's Complaint, though, asserts and confirms that, in fact, Defendant "is a business incorporated in the State of Tennessee[6] but owns and operate[s] several businesses in the State of Mississippi with additional business complexes or units throughout the southeast region of the United States."  Complaint at [1].  Nowhere in Plaintiff's Complaint does Plaintiff even mention or allege that Defendant (or any of its employees) is domiciled in, or maintains any office or other place of business (much less its principal place of business) in the District of Columbia.

Moreover, Defendant, in reliance upon the attached Affidavit of Leslie B.C. Wolfgang, the current Vice President, Director of External Reporting and Corporate Secretary for Mid-America Apartment Communities, Inc., affirms and verifies that its principal corporate headquarters are located in Memphis, Tennessee and that it maintains no offices, nor does it own any properties, in the District of Columbia.  See attached Exhibit 1, Affidavit of Leslie B.C. Wolfgang.  Accordingly, confronted with this factual presentation and affirmation, the Court is without any basis to conclude that Defendant resides with in the District or that it has *any* place of business within the District.  Therefore, jurisdiction can not properly be exercised over

---

[6] Defendant, Mid-America Apartment Communities, Inc., was incorporated under the laws of the State of Tennessee in 1993.  See attached Exhibit 1.

Defendant under the provisions of D.C. Code § 13-422 (2005).

The Court, however, can further make its jurisdictional determination in this matter under the District of Columbia long-arm statute, D.C. Code § 13-423 (2001), which permits the Court to exercise personal jurisdiction over defendants "who do not reside within or maintain a place of business in the District of Columbia," but only under certain, clear and delineated conditions. Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Circ.1984). Those conditions, specifically set forth and cited in the long-arm statute, direct that personal jurisdiction can be asserted over non-resident defendants "who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a)(1)-(4)." Shorter v. Lappin, et al., 2005 WL 752932 * 3 (D.D.C. 2006)(slip copy). More specifically, under the "'transacting business' clause of the long-arm statute, D.C. Code § 13-423(a)(1), a plaintiff must demonstrate that (1) the defendant transacted business in the District; (1) the claim arose from the business transacted in the District (so-called specific jurisdiction); (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" COMSAT Corp. v. Finshipyards S.A.M., 900 F.Supp. 515, 521 (D.D.C. 1995) (internal quotation marks and citation marks omitted).

Here, Plaintiff, in short, fails to allege once any nexus between the District of Columbia and Defendant. Plaintiff does not allege that Defendant contracted, conducted or transacted business in the District, nor does he, in any conceivable way, contend that the underlying claims arose under any of the above long-arm statute conditions. For this Court to have personal jurisdiction over Defendant in this action under the District of Columbia long-arm statute, "plaintiff must allege some specific facts evidencing purposeful activity by defendants in [this

6

jurisdiction] by which they invoked the benefits and protections of [the District's] laws and specific acts connecting the defendants with [this] forum." Cellutech v. Centennial Celluar Corp., 871 F.Supp. 46, 48 (D.D.C. 1994).  Again, no such specific facts or acts are alleged or set forth in Plaintiff's action.  Rather, Plaintiff, to state his alleged claims, solely describes and relies upon, in total, "these actions in the State of Mississippi," none of which, even if deemed to be accurate and true, bear any relation to the District or Defendant's purported (but nonexistent) ties to the District of Columbia.  Complaint at 15.  Because the Complaint alleges no facts, whatever, connecting Defendant with the District of Columbia, it falls far short of establishing personal jurisdiction over Defendant under D.C. Code § 13-423, and, consequently, jurisdiction under the long-arm statute simply does not lie and the Complaint ought be dismissed on that basis.

      Furthermore, as noted above, the Affidavit of Leslie B.C. Wolfgang of Defendant makes certain the indisputable and incontrovertible fact that Defendant simply and absolutely has no connection, business or otherwise, with the District of Columbia.  Defendant does not purposely (or unintentionally) avail itself of the privileges of conducting business in the District and it has no business or any other interests in the District of Columbia.  Defendant's corporate headquarters, once more, are located in Memphis, Tennessee and, as Plaintiff accurately notes in his Complaint, the majority of Defendant's business interests and operations are, in fact, located and run "throughout the southeast region of the United States."  Complaint at [1].  In view of these dispositive circumstances, then, this Court ought not exercise personal jurisdiction over Defendant in this action as it would clearly offend traditional notions of fair play and substantial justice (citation omitted).

      This Court, finally, has long held that, central to its determination of "whether the exercise of personal jurisdiction over defendant is reasonable or fair is the District of Columbia's 'interest in adjudicating the dispute.'" Formica v. Cascade Candle Company, et al., 125 F.Supp.2d 552, 556 (D.D.C. 2001), *citing* World-Wide Volkswagen Corp. v. Woodson, 44 U.S.

286, 292, 100 S.Ct. 559 (1980).  Where, as here, "the plaintiff[7] is not a resident of the forum, the forum state's 'legitimate interests in the dispute have considerably diminished,'" and, therefore, under this circumstance, "the District's interest in having this case litigated within its borders is minimal."  Formica, 125 F.Supp. at 556 (internal citation omitted).  The District of Columbia, indeed, has no interest respecting the adjudication of the alleged dispute or claim underlying this action, as both parties are out-of-state actors having no established or even asserted contact with the District.  Thus, the Complaint ought accordingly be dismissed from this forum.

### III. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3).

#### a. Standard of Review for Motion to Dismiss Pursuant to Rule 12(b)(3).

While entertaining a motion to dismiss for lack of proper venue, this Court has repeated that it must "accept[] the plaintiff['s] well-plead factual allegations regarding venue as true, draw[] reasonable inferences from those allegations in the plaintiff['s] favor, and resolve[] any factual conflicts in the plaintiff['s] favor."  Quarles v. Gen. Inv. & Dev. Co., 260 F.Supp.2d 1, 8 (D.D.C. 2003).  The Court, however, "need not accept all the plaintiff's legal conclusions as accurate,"  Shorter v. Lappin, et al., 2005 WL 752932 * 2 (D.D.C. 2006)(slip copy), *citing* 2215 Fifth St. Assocs. v.U Haul Int'l, Inc., 148 F.Supp.2d 50, 54 (D.D.C. 2001) and "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  Freeman v. Fallin, 254 F.Supp.2d 52, 56 (D.D.C. 2003)(citations omitted).  Last, although Courts "generally must afford substantial deference to the plaintiff's choice of forum. . .this deference is weakened when the plaintiff is not a resident of the chosen forum.  This deference is further mitigated if a plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or subject matter.'"  Liban v. Churchey Group II, LLC, et al., 305 F.Supp.2d 136, 141-142 (D.D.C. 2004), *citing* Wilderness Soc'y v. Babbitt, 104 F.Supp.2d 10, 13 (D.D.C. 2000).

---

[7] Plaintiff's Complaint establishes that he resides in Brookhaven, Mississippi.

**b. Argument for Motion to Dismiss Pursuant to Rule 12(b)(3).**

In addition to the absolute failure to establish this Court's rightful ability to exercise personal jurisdiction over Defendant in this action, Plaintiff, likewise, fails to assert any grounds establishing that this Court is the proper venue for his action. First, Plaintiff, an admitted non-resident of the District of Columbia, woefully fails to plead any factual allegations regarding venue, anywhere, in his Complaint. Furthermore, even if, *assuming arguendo*, Plaintiff's jurisdictional claim, here, is based upon an actionable federal question (which Defendant in no way concedes in any respect), under the three relevant provisions of 28 U.S.C. § 1391(b), the District of Columbia clearly is not the appropriate venue for this case. As set forth in the argument above, neither Defendant, itself, nor any of its employees or property reside in the District of Columbia, none of the "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in the District of Columbia and, finally, there exist, certainly, other districts in which the instant action could be brought and advanced. 28 U.S.C. § 1391(b)(2002).

In addition, even if, again, *assuming arguendo*, Plaintiff's jurisdictional claim in the District of Columbia is founded upon a claim of diversity of citizenship (the propriety and legitimacy of which, once again, is not acceded to by Defendant), Plaintiff similarly fails, plainly and flatly, to fulfill the conditions of such a claim. Federal jurisdiction, premised upon diversity of citizenship, is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(2002). In this instance, Plaintiff has neglected, and was unable, to set forth any factual allegations which would support a determination, upon a diversity of citizenship claim, that the District of Columbia is the proper venue for this matter.

9

Rather, Defendant has, in this submission and in the attached Affidavit, furnished the Court with the necessary facts and foundation to reject any rightful claim of jurisdiction for this case in this Court.  As this Court has noted, "[t]o prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." 2215 Fifth St. Assocs. v. U Haul Int'l, Inc., 148 F.Supp.2d 50, 54 (D.D.C. 2001).  Defendant, here, with the assistance of Plaintiff, has certainly demonstrated to the Court that there is simply no link between itself and the District of Columbia and that no aspect or dimension of the events alleged or property involved in Plaintiff's action is based upon any connection to the District of Columbia.  Venue, accordingly, is simply improper in the District of Columbia and the Complaint ought be dismissed on that basis.

**WHEREFORE**, the foregoing considered, Defendant requests that its Motion to Dismiss the Complaint in the instant action be granted and that Defendant be granted such further and additional relief as this Court deems just and appropriate.

Respectfully submitted,

ANDERSON & QUINN, LLC


   /s/ John A. Rego
John A. Rego, Bar  #422378
The Adams Law Center
25 Wood Lane
Rockville, Maryland  20850
(301)-762-3303
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing was mailed, via first-class mail, postage prepaid on this 20th day of April, 2006, to the following:

  Mr. Sam L. Clemmons
  548 Saint Charles Place
  Brookhaven, Mississippi 39601

                  /s/ John A. Rego
                  John A. Rego

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 06CV00195 |
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) |
|     Defendant. | ) |

## ORDER

Upon consideration of the foregoing Defendant's Motion to Dismiss and any opposition thereto, it is this ____ day of _____ 2006,

ORDERED, that Defendant's Motion to Dismiss be, and hereby is GRANTED; and it is further

ORDERED, that the Complaint filed in the above-captioned action be, and it hereby is, DISMISSED with prejudice.

 

_____
Judge Royce C. Lamberth

Copies to:

John A. Rego, Esq.
Anderson & Quinn, LLC
The Adams Law Center
25 Wood Lane
Rockville, Maryland 20850

Mr. Sam L. Clemmons
548 Saint Charles Place
Brookhaven, Mississippi 39601