UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS                CIVIL ACTION NO:
548 SAINT CHARLES PL               CASE NUMBER: 1:06CV00195
BROOKHAVEN, MS 39601               JUDGE: ROYCE C. LAMBERTH
                                   DECK TYPE: FOIA / PRIVACY
                                      ACT
v                                  DATE STAMP: 02/03/2006

Mid-America Apartment Communities   May 3, 2006
Attn: Kathy McPhail,
      Property Manager
6584 Poplar Avenue, Suite 300
Memphis, TN 38138

---

**MOTION REQUEST FOR SUMMARY JUDGEMENT BY DEFAULT**

Comes Sam L. Clemmons, appears before the United States District Court for the District of Columbia to enter this MOTION request for summary judgement by default against the Defendants for the following reasons so stated below.

1. The Defendants have failed to honor the courts' instructions in responding to the court within the 60 days time frame as given in the summons.

2. The Defendants have failed to provide the courts with the Plaintiff's complete rental record or file according to the Freedom of Information Act.

3. The Defendants have failed to provide to the courts with witness' statements in the Plaintiff's file to support

**RECEIVED**

MAY 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

  Kathy McPail's (the Defendant) statements as confirmed in the certified federal investigation report.

4. The Defendants have failed to provide to the courts with eviction notices as so stated and confirmed in the federal investigation report.

5. The Defendants have failed to produce documentation in the rental record file that so states "not" to rent to the Plaintiff ever again.

  The Plaintiff provides to the court support documentation against the Defendant's statements and to support the courts' actions in labeling such statements as FRAUD and to be in violation under 18 U.S.C.A. § 1001. The Plaintiff's Exhibits are as follows:

  **Plaintiff's Exhibit # 1:** The Plaintiff have provided the courts and the jury with <u>five pages</u> of a certified true copy of the Plaintiff's rental application for the record.

  **Plaintiff's Exhibit # 2:** The Plaintiff have provided the courts and the jury with <u>ten pages</u> of information about resident service where the Plaintiff placed his mother for safe living.

  **Plaintiff's Exhibit # 3:** The Plaintiff have provided the courts and the jury with <u>three pages</u> of certified true copy of cleared checks to show steady payments of rental payments by the Plaintiff with the Plaintiff last rental payment was paid on December 1, 1999 in the amount of $299.00 accordingly.

**Plaintiff's Exhibit # 4:** The Plaintiff have provided the courts and the jury with <u>16 pages</u> including a Power of Attorney from Mary Rounds. These pages will shows the courts and a jury Mary Rounds' credit report and will show the courts <u>no signs</u> of collection for such amount as stated in the certified federal investigation report. Mary Rounds is listed as the primary rental of record the Plaintiff is listed as secondary.

**Plaintiff's Exhibit # 5:** The Plaintiff have provided the courts with <u>nine pages</u> that will show the courts and the jury the Plaintiff's credit report. The Plaintiff's credit report will show the courts and a jury that <u>no signs</u> of being in default on <u>any</u> rental contract as stated in the certified true copy of the federal investigation report.

**Plaintiff's Exhibit # 6:** The Plaintiff have provided <u>four pages</u> that will show the courts and the jury proof to counter attack such statements made by the Defendants in the certified true copy of the federal investigation report stating "not to rent to them again".

**Plaintiff's Exhibit # 7:** The Plaintiff facts to justify judgment award that will explain to the court and a jury the real cost for raising a family in the United States of America.

With the **seven exhibits** listed above, the Plaintiff wishes to file such administrative claim in the District Court for the District of Columbia against Mid-America Apartment Communities

for giving false information to a Federal Agent under the Freedom of Information Act. Violating of the Plaintiff's privacy rights, committing fraud, deceit, slander, deformation of character, identify theft, identify fraud, theft by deception in the amount of **$15,000,000.00** fifteen million dollars <u>after</u> taxes.

This award amount should account for all the crimes as stated above and for all the emotional distress, anxiety, pain and suffering, hardships such as set backs, career interruptions, career lost and lost of income not just on behalf of the Plaintiff but the Plaintiff's family as a whole.

This award amount should be granted to provide protection to the Plaintiff from people or sources such as the Defendants. The Defendant has displayed true signs of ignorance of the law.

Once again, when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). The Defendants should have considered case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Mid-America Apartment Communities, Inc.'s Code of Business Conduct and Ethics, Section**

Case 1:06-cv-00195-RCL   Document 5   Filed 05/10/2006   Page 5 of 13

5

E (Good Faith Reporting of Wrongdoing). *See case law: Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case, the nonmoving party (the Plaintiff) has given the courts and the jury evidence to support the Plaintiff's claim. Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant's Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the Defendant (hereinafter the "Employers' Liability and Fiduciary Duty of the employer or employee". Therefore the Defendants have sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendants, the Defendant caused this action or judgment upon itself (The Employer).

End of MOTION request for Summary Judgement by default:

Respectfully submitted:

/Sam L. Clemmons, Plaintiff Pro Se
C/o Mrs. Mary L. Lee, Paralegal
548 Saint Charles PL
Brookhaven, MS 39601

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

1  **CC:** www.usps.com for tracking purposes
   Mid-America Apartment Communities;
2        **Express Mail #: EQ 242464022 US**
   United State District Court of the District of Columbia;
3        **Express Mail #: EQ 242463384 US**
   Records
4

5  **Attachment:** Certified true copy of U.S. Federal Investigation
   Report

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

SAM CLEMMONS

V.

Mid-America Apartment Communities

**SUMMONS IN A CIVIL CASE**

CASE NUMBER  1:06CV00195

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/3/2006

TO: (Name and address of Defendant)

Mid-America Apartment Communities
SERVE: Attn: Corporate Attorney & HR Director
6584 Poplar Avenue, Suite 300
Memphis, TN 38138

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF    PRO SE    (name and address)

SAM CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

an answer to the complaint which is served on you with this summons, within _____60_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON    FEB - 3 2006
RK                              DATE

(By) DEPUTY CLERK

RECEIVED

MAY 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Freedom of Information and Privacy Acts



# Federal Bureau of Investigation



UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
FPC
RIVERA, PA 26400

OFFICIAL BUSINESS

CERTIFIED MAIL

7004 1160 0005 0897 0884

RESTRICTED DELIVERY
RETURN RECEIPT REQUESTED

MR. SAMUEL L. CLEMMONS
548 SAINT CHARLES PLACE
BROOKHAVEN, MS 39601

TO BE OPENED BY ADDRESSEE ONLY

FIRST NOTICE
SECOND NOTICE 7/11/5
RETURNED

## TAG: EXHIBIT

Statue of Limitation starts from the time Mr. Clemmons signed for these documents and these documents are in Mr. Clemmons' procession.

Anyone who Mr. Clemmons pursue for damages due to false information, that party needs to pursue the OPM for damages that they feel that they have encountered, incurred and due from this release to Clemmons.

The party or parties who feels they have encountered hurt or harm should go to USPS.Com for tacking and conformation of receipts of theirs testimonies to protects their rights to rebuttal and defend any actions.

That's the law!

UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
FPO
BOYERS, PA 16017
OFFICIAL BUSINESS

7003 1010 0001 3719 4054

MR SAMUEL L CLEMMONS
548 SAINT CHARLES PLACE
BROOKHAVEN MS 39601

TO BE OPENED BY ADDRESSEE ONLY

## TAG: EXHIBIT

Statue of Limitation starts from the time Mr. Clemmons signed for these documents and these documents are in Mr. Clemmons' procession.

Anyone who Mr. Clemmons pursue for damages due to false information, that party needs to pursue the OPM for damages that they feel that they have encountered, incurred and due from this release to Clemmons.

The party or parties who feels they Have encountered hurt or harm should go to USPS.Com for tacking and conformation of receipts of theirs testimonies to protects their rights to rebuttal and defend any actions.

That's the law!

DATES OF INVESTIGATION 06/16/00 - 07/10/00    SID 195    ORG ID C69    REPORT # 1

---

## TESTIMONIES

*court copy*

ITEM: 002                                                                SOURCE: 001
NAME WOODRIDGE APARTMENTS, 1533 RAYMOND ROAD, JACKSON, MS 39204
RENTAL RECORD
PROVIDER KATHY MCPHAIL, RESIDENT MANAGER

*FRAUD*

ISSUE(S) 03B

NAME VERIFIED        SSN VERIFIED        DOB VERIFIED        POB NOT SHOWN

RENT DATES 07/99-12/99 (6 MON LEASE)  RENT PAYMENT SEE ISSUES
RENTERS SAMUEL CLEMMONS AND HIS MOTHER MARY ROUNDS
UNIT WOODRIDGE APARTMENTS, 1533 RAYMOND ROAD, # 79, JACKSON, MS 39204

PREVIOUS ADDRESS NOT SHOWN

FORWARDING ADDRESS NOT SHOWN

OCCUPANT(S) SAME AS RENTERS

SAMUEL L. CLEMMONS AND MARY ROUNDS WERE EVICTED FROM THEIR APARTMENT  *FRAUD STATEMENT*
DUE TO THEIR SLOW-PAYMENT OF THE RENT. ALTHOUGH NO FORMAL EVICTION
PAPERS WERE SERVED, THE RESIDENT MANAGER DEMANDED THAT THEY VACATE THE
PREMISES. THEY LEFT ON DECEMBER 31, 1999 OWING $703.00. THEY HAVE
REPAID $400.00, LEAVING A BALANCE OF $303.00. THE APARTMENT WAS NOT
LEFT IN GOOD CONDITION AND THEREFORE THEIR SECURITY DEPOSIT WAS NOT
RETURNED. A NOTE WAS PLACED IN THE RENTAL FILE ADVISING NOT TO RENT TO
THEM AGAIN.


ITEM: 002                                                                SOURCE: 002
NAME KATHY MCPHAIL, RESIDENT MANAGER, 1533 RAYMOND ROAD, JACKSON, MS 39204

ISSUE(S) 03B
PRIMARY ASSOCIATION LANDLORD
AVERAGE EXTENT OF CONTACT REGULAR
SPAN OF CONTACT 07-16-99 TO 12-31-99

DOES NOT KNOW WELL ENOUGH TO RECOMMEND

MCPHAIL MET SAMUEL L. CLEMMONS ON JULY 16, 1999 WHEN HE AND HIS MOTHER
MOVED INTO THE WOODRIDGE APARTMENTS UNIT #79. SHE SPECIFICALLY RECALLS
THE MEETING BECAUSE CLEMMONS CAME TO HER OFFICE TO PICK UP THE KEYS TO
THE APARTMENT. SHE INFORMED HIM THAT SHE COULD NOT RELEASE THE KEYS TO
HIM BECAUSE HE WAS NOT THE RENTOR OF RECORD. HIS MOTHER, MARY ROUNDS,
SIGNED THE LEASE. HE INFORMED HER THAT HE WAS THE RESPONSIBLE PARTY
AND AGAIN DEMANDED THE KEYS. SHE REFUSED AND HE BECAME ANGRY, AND

SPOKE TO HER IN A LOUD AND RUDE MANNER. SHE INITIALLY CONSIDERED HAVING HER MALE EMPLOYEES ESCORT HIM FROM THE PREMISES, BUT HE LEFT VOLUNTARILY.

*FRAUD*

YE HAD SUBSEQUENT UNPLEASANT ENCOUNTERS WITH HIM, USUALLY IN DISCUSSIONS OVER LATE RENT PAYMENTS. SHE DEMANDED THAT THEY VACATE THE APARTMENT AND ON DECEMBER 31, 1999 THEY MOVED. THE APARTMENT WAS LEFT IN DISREPAIR AND THEIR $100.00 SECURITY DEPOSIT WAS NOT RETURNED. THEY WOULD NOT BE ELIGIBLE TO AGAIN RENT FROM THE WOODRIDGE APARTMENT COMPLEX.

**EXTRA COVERAGE** UNABLE TO COMMENT - ALL

**ITEM: 002**                                                           **SOURCE: 003**
**NAME** RICK WHITLOW, REPORTER, 1533 RAYMOND ROAD, #78, JACKSON, MS 39204

**ACCEPTABLE**

The Pervious Issue Page or Pages

Has Been

# Validated

as

# FRAUD

The following pages behind this page is evidence of **FRAUD**

**Attention:** Some information maybe

withheld for further processing and presentation at a later date

Total number of pages are: _53_