UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 06CV00195 |
| | ) |
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO STRIKE AND OPPOSITION TO PLAINTIFF'S MOTION REQUEST FOR SUMMARY JUDGMENT BY DEFAULT**

    Defendant, Mid-America Apartment Communities, Inc., by and through its undersigned counsel, John A. Rego and Anderson & Quinn, LLC, hereby moves to strike and in opposition to Plaintiff's Motion Request for Summary Judgment by Default, filed in the above-captioned action, and respectfully refers this Honorable Court to the attached Memorandum of Points and Authorities in support of the instant Opposition..

                                          Respectfully submitted,

                                          ANDERSON & QUINN, LLC


                                            /s/ John A. Rego
                                          John A. Rego, Bar #422378
                                          The Adams Law Center
                                          25 Wood Lane
                                          Rockville, Maryland 20850
                                          (301) 762-3303
                                          Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 06CV00195 |
| | ) |
| MID-AMERICA APARTMENT COMMUNITIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AND OPPOSITION TO PLAINTIFF'S MOTION REQUEST FOR SUMMARY JUDGMENT BY DEFAULT**

**I.  Plaintiff's Motion Fails to Comply with any of the Applicable Federal Rules of Civil Procedure.**

Plaintiff's instant Motion fails, in every respect, to comply with the applicable Federal Rules of Civil Procedure and the Local Rules of Procedure of this Court.  In direct contravention of LCvR 7, generally, and of LCvR 7(h) in particular, Plaintiff has plainly and woefully failed to supply a statement of material facts as to which he contends there is no genuine issue (nor does he rely upon or even cite any part of the underlying record to underpin his submission) and, moreover, he has failed to furnish the Court with a proposed Order for his Motion.  Plaintiff has also attached to his Motion a myriad of immaterial, irrelevant and useless documents that bear absolutely no relation, whatever, to the undefined claims he asserts in his Complaint.  For these, and many other shortcomings, Plaintiff's Motion ought be promptly stricken and/or denied in its entirety.

**II.     Statement of Genuine Issues**

More importantly, Plaintiff has simply not provided in his submission any basis for this Court to consider, at this or any other juncture, a summary disposition of this case in Plaintiff's favor.  In addition to the indecipherable claims advanced by Plaintiff in his action, the Motion, too, does not assert indisputable material (or any) facts respecting the claims set forth in his

Complaint to which there are no genuine issues.  Instead, Plaintiff, first, merely recites a list of what he believes to be discovery obligations that Defendant, Mid-America Apartment Communities, Inc. (hereinafter "Defendant"), has failed to meet for the Court.  For example, Plaintiff contends in paragraph (2) two of his Motion that Defendant has "failed to provide the courts with the Plaintiff's complete rental record or file," and in paragraph (3) three he maintains that "[t]he Defendants have failed to provide to the courts with witness statements in the Plaintiff's file to support Kathy McP[h]ail's (the Defendant) statements. . ."  Plaintiff's Motion Request for Summary Judgment by Default at [1-2].  Next, Plaintiff, in his submission, proceeds to summarize the seven exhibits that he has attached to his Motion, all of which appear, in some remote way, to allude to the vague claim that he advanced in the Complaint that, in December of 1999, he was wrongfully, improperly or unnecessarily evicted from an apartment unit that he and his mother leased from Defendant in Jackson, Mississippi.  See generally, Complaint.

   Nothing, however, set forth in the instant Motion establishes or affirms the existence of material facts, underpinning his wild claims of fraud, malicious slander, defamation of character and mental and emotional distress, to which there is no genuine issue.  In short, Plaintiff has not carried his legal burden to substantiate a summary motion for any of the claims asserted in his Complaint.  Accordingly, although Defendant would ordinarily be obligated, here, to establish for the Court the existence of genuine issues of material facts which ought and must be litigated, Defendant, because of the deficiencies of Plaintiff's Motion, instead, can only reject, refute and deny any all claims and assertions made by Plaintiff in his Complaint and his Motion.

   Once again, as argued in its Motion to Dismiss, Plaintiff has presented in this case no actionable claims against Defendant or its employees and he has presented no proper jurisdictional link between himself (or his purported claims) and this Court.  Defendant, moreover, vehemently denies providing to anyone at any time false, fraudulent or defamatory information about Plaintiff or his lease term with Defendant's rental property, nor did Defendant in any conceivable way invade or violate Plaintiff's privacy.  The record herein, to date, fails to

demonstrate any material facts concerning these claims, nor, certainly, that they are indisputable and not disputed by Defendant.

This Court has long held that it "shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." Rhoads v. McFerran, 517 F.2d Gg, 67 (2d. Cir. 1975). Here, every asserted fact and claim (whether it be material, immaterial, genuine or insincere) advanced by Plaintiff is disputed by Defendant and the record. Accordingly, in view of Plaintiff's utterly unconvincing and improper Motion, along with the clear understanding that the true facts of this case are still unclear and undeveloped, the entry of judgment summarily in Plaintiff's favor is not appropriate or warranted and the Motion must be denied.

**WHEREFORE**, the foregoing considered, Defendant requests that Plaintiff's Motion Request for Summary Judgment by Default in the instant action be Denied and that Defendant be granted such further and additional relief as this Court deems just and appropriate.

                    Respectfully submitted,

                    ANDERSON & QUINN, LLC

                    /s/ John A. Rego
                    John A. Rego, Bar #422378
                    The Adams Law Center
                    25 Wood Lane
                    Rockville, Maryland 20850
                    (301)-762-3303
                    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was mailed, via first-class mail, postage prepaid on this 22nd day of May, 2006, to the following:

    Mr. Sam L. Clemmons
    548 Saint Charles Place
    Brookhaven, Mississippi 39601


                                                       /s/ John A. Rego
                                                       John A. Rego

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
|       ) | |
|       Plaintiff,       ) | |
|       ) | |
| v.       ) | Civil Action No.: 06CV00195 |
|       ) | |
| MID-AMERICA APARTMENT COMMUNITIES, INC., ) | |
|       ) | |
|       Defendant.       ) | |
|       ) | |

**ORDER**

Upon consideration of the foregoing Plaintiff's Motion Request for Summary Judgment by Default and Defendant's Opposition thereto, it is this ____ day of _____ 2006,

ORDERED, that Plaintiff's Motion Request for Summary Judgment by Default be, and hereby is DENIED; and it is further

ORDERED, that the Complaint filed in the above-captioned action be, and it hereby is, DISMISSED with prejudice.

_____
Judge Royce C. Lamberth

Copies to:

John A. Rego, Esq.
Anderson & Quinn, LLC
The Adams Law Center
25 Wood Lane
Rockville, Maryland 20850

Mr. Sam L. Clemmons
548 Saint Charles Place
Brookhaven, Mississippi 39601