UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS
    PLAINTIFF,

CIVIL ACTION NO:
CASE NUMBER: 1:06CV00195
JUDGE: ROYCE C. LAMBERTH
DECK TYPE: FOIA / PRIVACY
  ACT
DATE STAMP: 02/03/2006

V

Mid-America Apartment Communities   **June 23, 2006**
    DEFENDANT

---

### PLAINTIFF'S MOTION REQUEST TO CONTINUE FOR SUMMARY JUDGEMENT BY DEFAULT AND MOTION REQUEST TO SUBPOENA DUCES TECUM IF NECESSARY

Comes Sam L. Clemmons, appears before the United States District Court for the District of Columbia place this request from the court not to honor the Defendant's counsel requests to dismiss this case. The Defendant and Defendant's counsel is in default and had well over enough time to comply and response to the court's summons served upon them.

If the Defendant and the Defendant counsel wish to dispute any part of this case matter before the courts they should be allowed to do so by providing the court the necessary documents to support their rebuttal and provide the court with the necessary documents to counterattack the Plaintiff's discovery. The Defendant and the Defendant's counsel have failed to provide the court with anything but wish to submit an untimely response

**RECEIVED**
**JUN 2 9 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

by making unnecessary comments and interpretation of the law that is late and well beyond the time period given.

The Plaintiff's motion request to enter summary judgement by default and the Plaintiff's motion request to Subpoena Duces Tecum should stand. If the Defendant and the Defendant's counsel wish not to provide the court with the necessary documents to support their defense against the Plaintiff's discovery then summary judgement as a whole should be entered in favor of the Plaintiff.

As of this date, the Defendant and the Defendant's counsel have still failed to admit to any wrongdoing, therefore Plaintiff does not have to state a claim upon which relief can be granted. The Defendant and The Defendant's Counsel are found in violation of the law in providing the federal government wrongful information against the Plaintiff. The Defendant intentionally caused the Plaintiff and the Plaintiff's family an enormous setback resulting in personal damages upon the Plaintiff. The only relief that could be granted in favor of the Plaintiff is monetary recovery that is the full-face amount of this lawsuit due to the Defendants failure to honor and respect the honorable court's instructions and respects the Plaintiff and the Plaintiff's career opportunities.

As of this date, I (the Plaintiff) file this request into the court this case should be closed unless the Defendant and

the Defendant's counsel come forth with valid evidence to prevent the judge from entering the summary judgement by default.

## THE PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM ARE BELOW:

1. The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the courts the Plaintiff's complete rental record or file according to the Freedom of Information Act.
2. The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the courts witness' statements in the Plaintiff's file to support Kathy McPhail's (the Defendant) statements as confirmed in the certified federal investigation report or any other incidents records in the Plaintiff's rental record.
3. The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the courts the eviction notices as so stated and confirmed in the federal investigation report.
4. Provide the court with an explanation of the Defendant's actions in receiving such rental payment for the month of December 1999 when the Plaintiff is suppose to be evicted according to the Defendant's statements and records.

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

5. The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the court documentation in the rental record file that so states "not" to rent to the Plaintiff ever again signed by Kathy McPhail. Explain to the court if such statement is true, why the Plaintiff was not rejected in July 2005 after paying the application fee?

The Plaintiff has provided to the court support documentation against the Defendant's statements and to support the courts' actions in labeling such statements as FRAUD and to be in violation under 18 U.S.C.A. § 1001. The Plaintiff's Exhibits are as follows:

Since the Plaintiff has just received his first communication from the Defendant and the Defendant's counsel well after the deadline to response. The Plaintiff will forward a complete copy of the motion to enter discovery so the Defendant and the Defendant's counsel can have a complete set or copies for their records to deny any or such is not true or accurate. The Plaintiff's evidence speaks for itself.

Once again, when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). The Defendants should have considered case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Mid-America Apartment Communities, Inc.'s Code of Business Conduct and Ethics, Section E (Good Faith Reporting of Wrongdoing)**. *See case law*: Anthony v. United States, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case, the nonmoving party (the Plaintiff) has given the courts and the jury evidence to support the Plaintiff's claim. Therefore, case law to consider: Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant's Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the Defendant (hereinafter the "Employers' Liability and Fiduciary Duty of the employer or employee". Therefore the Defendants have sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendants, the Defendant caused this action or judgment upon itself (The Employer).

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

End of MOTION request to sustain Summary Judgement by default and request to subpoena the Defendant's counsel documents:

Respectfully submitted:

*[signature]*

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles PL
Brookhaven, MS 39601

**CC:** www.usps.com for tracking purposes
Mid-America Apartment Communities;
   **Express Mail #: EQ 242464022 US**
United State District Court of the District of Columbia;
   **Express Mail #: EQ 242463384 US**
Records

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue,

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of June 2006, a true copy of this foregoing Response was served by regular mail to:

A copy of the Plaintiff's motion to enter discovery by the way of requesting a Motion for Summary Judgement by Default was sent to the Defendant's Counsel with a certified mail tracking number of: **7005 1820 0001 7573 9504.**

Defendant's Counsel

Anderson & Quinn, LLC
Adams Law Center
25 Wood Lane
Rockville, MD 20850

And

District Court for the District of Columbia
Attn: Office of the Clerk & Judge Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 2001

Sam L. Clemmons, Pro Se
548 Saint Charles Place
Brookhaven, MS 39601