UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>    PLAINTIFF, PRO SE<br><br>vs.<br><br>MID-AMERICA APARTMENT<br>COMMUNITIES<br>    DEFENDANT | CIVIL ACTION NO:<br><br>1:06CV00195(RCL)<br><br><br>July 18, 2006 |

## PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM AFTER MOTION REQUEST TO ENTER DISCOVERY BUT BEFORE SUMMARY JUDGEMENT HAS BEEN ISSUED

Comes Plaintiff, pro se file this response in The United States District Court for the District of Columbia to request to subpoena the documents needed to render a decision based on the Defendant's testimony, answer or response against the Plaintiff under a federal investigation. The Plaintiff files this request before the court within the time span needed before the summary judgement has been issued to close this case before the court. The subpoena documents will be used to fully and completely evaluate the record before the court and will be needed if the judge has not completely reviewed and rendered his judgement.

The Plaintiff requests the court to give the Defendant an additional <u>10 days</u> after receipt of this notice to surrender the documents needed to enter a just but fair summary judgement in this case.

**RECEIVED**

JUL 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Plaintiff wishes to request such documents to be subpoena for the record to publicly reveal any wrongdoing that may have been caused by the Defendants.

They are:

The Plaintiff request from the court to subpoena the Plaintiff's rental history record or file showing and confirming all statements as truthful statements made by the Defendants.

Documents in such file should be eviction notices, repair reports from a damaged apartment after turning over such apartment after the end of the six month lease, and incident report statements to confirm such statements in the federal investigation report are truthful.

If the documents are not turned over after this subpoena request they may be requested by the federal agency who conducted the investigation to cause this action before the court today to verify information under and according to 18 U.S.C.A. § 1001.

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

## THE PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM ARE BELOW:

1.  The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the courts the Plaintiff's complete rental record or file according to the Freedom of Information Act.

2.  The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the courts witness' statements in the Plaintiff's file to support Kathy McPhail's (the Defendant) statements as confirmed in the certified federal investigation report or any other incidents records in the Plaintiff's rental record.

3.  The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the courts the eviction notices as so stated and confirmed in the federal investigation report.

4.  Provide the court with an explanation of the Defendant's actions in receiving such rental payment for the month of December 1999 when the Plaintiff is suppose to be evicted according to the Defendant's statements and records.

5.  The Plaintiff is requesting the Defendant and the Defendant's counsel to provide to the court documentation in the rental record file that so states "not" to rent to

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

the Plaintiff ever again signed by Kathy McPhail. Explain to the court if such statement is true, why the Plaintiff was not rejected in July 2005 after paying the application fee?

The Plaintiff wishes to continue to add for the record, let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advise the Defendants to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim. Therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company

under the defendant's Crime Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) *see* <u>Fed. Rules Civ.Proc. Rule 17, 28 USCA</u> and complete understanding of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u>.

End of Complaint:

                                                    Respectfully submitted,

                                                    *[signature]*
                                                    Sam L. Clemmons, Plaintiff Pro Se
                                                    548 Saint Charles Place
                                                    Brookhaven, MS 39601

**DISCOVERY ATTACHMENTS:**

**RELEASED TO THE DEFENDANT**

**ATTACHMENTS:**

    **Federal Rules of Civil Procedure, 30(b)(6); Motion to Subpoena in a Civil Case.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of July 2006, a true copy of this foregoing **SUBPOENA IN A CIVIL CASE # 1:06CV00195(RCL)** was served by regular mail to:

Defendant's Counsel

ANDERSON & QUINN, LLC
ADAMS LAW CENTER
25 Wood Lane
Rockville, MD 20850

And
By FedEx Express Service to:
Tracking #: 851980919410

District Court for the District of Columbia
**Attn: Office of the Clerk & Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 2001

Sam L. Clemmons, Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

| SAM CLEMMONS | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | CASE NUMBER: |
| MID-AMERICA APARTMENTS COMMUNITIES | 1:06CV00195 (RCL) |

To: _ANDERSON & QUINN, LLC_

☑ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE _U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA AND BY MAIL TO THE PLAINTIFF_ | DATE AND TIME _JULY 24, 2006 @ 10:00 A.M_ |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) _Sam L. Clemmons_ | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
_SAM L. CLEMMONS, 548 SAINT CHARLES PL BROOKHAVEN, MS 39601 PH 866-409-7758_

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

₁ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/17/06 | ANDERSON : QUINN, LLC<br>ADAMS LAW CENTER<br>25 WOOD LANE<br>ROCKVILLE, MD 20850 |

MID-AMERICA APARTMENT COMMUNITIES

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LAW OFFICE OF ANDERSON : QUINN, LLC | CERTIFIED MAIL ARTICLE #<br>7005 1820 0007 3370 8324 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| SAM L. CLEMMONS, PLAINTIFF PROSE | PLAINTIFF PROSE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/17/2006
Date

Signature of Server

548 SAINT CHARLES PL
Address of Server

BROOKHAVEN, MS 39601

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney In breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who Is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, Is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial Is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial Information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.