UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>    PLAINTIFF,<br><br>vs.<br><br>MID-AMERICA APARTMENT<br>COMMUNITIES<br>    DEFENDANT | ) CIVIL ACTION NO:<br>)<br>) <u>1:06CV00195(RCL)</u><br>)<br>)<br>) August 9, 2006<br>)<br>)<br>) |

### PLAINTIFF'S RESPONSE TO THE DEFENDANT'S COUNSEL OPPOSITION TO PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM AFTER MOTION REQUEST TO ENTER DISCOVERY BUT BEFORE SUMMARY JUDGMENT HAS BEEN ISSUED BUT PLACES ANOTHER EXHIBIT # 8 INTO THE RECORD PRIOR TO CLOSING TO SUPPORT THE PLAINTIFF'S COMPLAINT

Comes the Plaintiff, *pro se*, in response to the Defendant's counsel actions, responses and counsel's requests, once again requesting something that should be above and beyond the ordinary call for justice requesting this case to be dismissed and to be reviewed without merit and with prejudice.

The Defendant and the Defendant's counsel have failed in this honorable court in everyway possible or approach when coming or entering into this court with a sufficient response or answer to a complaint being filed against them after a known with an intent with malice to give a sector of our government wrongfully information with a deliberately intent to cause harm and hurt to the Plaintiff and the Plaintiff's family for no

RECEIVED
AUG 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

apparent, particular or known reasons which the Defendant and the Defendant's counsel should have had well over enough time to paint their picture to justify their actions.

The Plaintiff have placed and entered many pervious requests in a timely manner and at a very appropriate time. The Plaintiff enter such Subpoena Duces Tecum in a civil case within the amount of time to enter to see if the Defendant and the Defendant's counsel will provide the court with anything to support their stance in placing such merit less and frivolous request as they claim to have this case to be dismissed from this honorable court when it now shows that the Defendant and the Defendant counsel have nothing to support or validate theirs frivolous statements to the United State of America's government creating an intentional criminal act resulting in a felony crime against the Plaintiff.

The Plaintiff wish to add this statement against but striking the Defendant's counsel statement for the record to the Defendant and the Defendant's counsel statements stating to the court: Second, Plaintiff, in the instant Motion Request To Subpoena Duces Tecum After Motion Request To Enter Discovery But Before Summary Judgment, seeks relief to which, at this junction of this action, *he simply not entitled* to receive nor can the Court compel Defendant to produce. Before Plaintiff (although he requests that the Court do so) is able to request from Defendant

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138

the particular documents he identifies and sets forth in that motion, he must first overcome the pending Motion to Dismiss (which he has not opposed) and, moreover, the formal discovery must first commence in the case.

The Plaintiff strike against such statements made by the Defendant and the Defendant's counsel in the above paragraph in stating that the Plaintiff has always opposed to any submission submitted by the Defendant's counsel entries. Therefore, such statement is not accurate, true or correct and should be completely deleted from any entry in this court. The Main argument is that the Defendant and the Defendant's counsel failed to honor the honorable court's instructions in the time which was given to everyone to response back to the court and the Plaintiff in relation to the Defendant's response. Resulting in the Plaintiff entering an Affidavit by Default against the Defendants meaning to oppose everything thereafter submitted by the Defendant and the Defendant's counsel.

For the record, there is no excuse for a licensed attorney to violate any court's instructions or to miss any court deadlines given to response or reply according to court's instructions.

For the Defendant and the Defendant's counsel to have a leg to stand on they both should produce to the court their Affidavit of Service as previously requested by the Plaintiff to

suffice such removal of default in this honorable court showing the date and time of mailing and entering such response in this honorable court with a date of May 3rd, 2006. If such document cannot be added to the Defendant's counsel picture then the court should move forward with the business in this court to end and cease all unnecessary communications from the Defendant's counsel trying to consume valuable court time when such time can be focus on other legitimate business of the court.

The Defendant and the Defendant's counsel have still failed to come forth with one piece of evidence to convince this honorable court to overturn such default entry and allow additional information that can be provided by the Defendant and the Defendant's counsel so that the judge in this case can rule and enter a fair but just summary judgment in this case.

By no means what so ever should the Defendant and the Defendant's counsel requests should be granted or be allowed. The Discovery Motion should not be stricken from the record, the attendant Subpoena should not be quashed by the Court and the motion should not be disregarded in its entirely by the Court due to the Defendant and the Defendant's counsel negligence actions and responses to this honorable court.

If the Defendant and the Defendant's counsel had it (support documents, witnesses) they will provide them. Someone does not have to be a licensed attorney to exercise any rights

to any documents that such party should have to defend and protect themselves in any court of law. Especially important documents that are needed to determine the final and overall outcome of a case such as this one.  The Plaintiff exercised his rights according to the constitution law to enter such complaint and request before this honorable court to complete its summary judgment and closed the record with summary judgment in whole but it favor of the Plaintiff without prejudice so that the Plaintiff can use such award granted to protect the Plaintiff's family from wrongdoers such as the Defendant and the Defendant's counsel and to use such award granted to fund ongoing and continue education of the Plaintiff and members of the Plaintiff family and communities through scholarships so that doors can be open for others to obtain such licenses needed to proper defend and protect others from evil doers and wrongdoers as proven in this federal investigation before the court.

   As far as I (the Plaintiff) is concerned after receiving the Defendant and the Defendant's counsel last communication that this case should be brought to a complete close and the Defendant and the Defendant's counsel should not be allowed to rebuttal anything after the record has been closed.  The Defendants should be allowed to report themselves to the Department of Justice Authorities and the federal investigation agency responsible for accepting, believing, and honoring such

frivolous statements or stories as truthful. Once again, the Defendant and the Defendant's counsel both have been given well over enough time to produce or enter anything for the record in their favor. They have failed in all attempts to plea or request to enter suffice evidence in relating to this case.

Therefore, the Plaintiff still seek from pervious requests in requesting a Summary Judgment by Default to bring this case matter to a close in this honorable court and wishes to add one last final Exhibit, which is **Exhibit # 8** to be added to the record that will show the court and a jury the financial status and ability to pay for this lawsuit in whole according to the Plaintiff's initial request for an award the Plaintiff seek for full recovery of these damages.

As a reminder to the Defendant and the Defendant's counsel, the Plaintiff states that the Subpoena in a Civil Case Form Rules 45, Federal Rules of Civil Procedures, Part C & D does not express that one has to be a licensed attorney; therefore, such service upon the Defendant and the Defendant's counsel was appropriate and within the boundaries of the law for requesting, achieving and obtaining information needed for a just but fair decision in the courts.

Once again as always, the Plaintiff continue to stand when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to

the plaintiff (nonmoving party). The Defendants should have considered case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Mid-America Apartment Communities, Inc.'s Code of Business Conduct and Ethics, Section E (Good Faith Reporting of Wrongdoing).** See case law: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case, the nonmoving party (the Plaintiff) has given the courts and the jury evidence to support the Plaintiff's claim. Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant's Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the Defendant (hereinafter the "Employers' Liability and Fiduciary Duty of the employer or employee" should be used to pay for the award administrated upon the Defendant for this or these wrongful acts committed against the Plaintiff. Therefore the Defendants have sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to

the Defendants, the Defendant caused this action or judgment upon itself (Mid-America Apartment Communities).

End of MOTION requests to sustain Summary Judgement by Default and requests to subpoena the Defendant's counsel documents:

Respectfully submitted:

*[signature]*
Sam L. Clemmons, Plaintiff *Pro Se*
548 Saint Charles PL
Brookhaven, MS 39601

**Attachments:**

**Exhibit #8:** the Defendant's Financial Report & Publicly Earning

**Defendant's Affidavit of Service Forms**
CC: www.usps.com for tracking purposes
Mid-America Apartment Communities;
   **Express Mail #: EQ 242464022 US**
United State District Court of the District of Columbia;
   **Express Mail #: EQ 242463384 US**
Records

Sam L. Clemmons vs. Mid-America Apartment Communities, 6584 Poplar Avenue, Suite 300, Memphis, TN 38138